IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUDNARINE KISSOON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3571 |
| | § | |
| PNC MORTGAGE, a Division of | § | |
| PNC BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM & ORDER

Pending is Defendant PNC Bank, N.A.'s[1] Motion to Dismiss
(Document No. 5). Plaintiff has filed no response, and the motion
is therefore deemed unopposed pursuant to Local Rule 7.4. After
carefully considering the motion and applicable law, the Court
concludes as follows.

I.   Background

Plaintiff Budnarine Kissoon ("Plaintiff") and his wife own a
home at 1211 Sterrett, Houston, Texas 77002 (the "Property").[2]
Plaintiff purchased the Property in April, 2007, and borrowed money
to finance the purchase, but later became delinquent in making
payments to the holder of the Note, Defendant PNC Bank, N.A.

---

[1] Defendant PNC Bank, N.A. explains that it is incorrectly
named as "PNC Mortgage" by Plaintiff. Document No. 5 at 1.

[2] Document No. 1-1 at 1 (Orig. Pet.).

("Defendant").[3]  Plaintiff alleges that he has equity in the property and has actively listed the property, resulting in "activity related to showing the property."[4]  Plaintiff alleges that Defendant's representatives knew that Plaintiff was attempting to sell the property and promised that he would be allowed time to do so, but that Defendant nevertheless instituted a foreclosure proceeding against him.[5]

Plaintiff alleges that Defendant failed to provide proper notice of the foreclosure, because Plaintiff "did not receive a certified letter regarding the sale of the property, and PNC has failed to provide any notice to Ms. Kissoon, who is obligated on the property by way of a deed of trust."[6]

Plaintiff brought suit in state court seeking a temporary restraining order in order to give him time to close on the sale of the Property and avoid foreclosure.  The state court granted the temporary restraining order[7] and Defendant removed the case to federal court.[8]  Defendant now moves to dismiss Plaintiffs'

---

[3] Id. at 2.

[4] Id. at 1.

[5] Id. at 1, 3.

[6] Id. at 3.

[7] *See* Document No. 1-1 at 15 of 17 to 16 of 17.

[8] Document No. 1.

Original Petition for failure to state a claim upon which relief can be granted.[9]

## II.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

---

[9] Document No. 5.

3

(2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

## III.   Analysis

Plaintiff does not explicitly plead any particular cause of action against Defendant, but the essence of his argument appears to be that foreclosure would be wrongful because Defendant "failed to provide proper notice of the foreclosure sale under Chapter 51 of the Texas Property Code and made representations that no foreclosure would occur while the property was actively on the market."[10]

Among the necessary elements of a wrongful foreclosure claim under Texas law is a "grossly inadequate selling price," which requires that the property has been sold. Filgueira v. U.S. Bank Nat. Ass'n, 734 F.3d 420, 423 (5th Cir. 2013) ("No sale took place here, as the state court granted an injunction to prevent the sale of the house. Without a sale of the house, there can be no viable wrongful foreclosure claim under Texas law.") (citing Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008)). Plaintiff does not allege--and Defendant denies--that the

---

[10] Document No. 1-1 at 3.

4

Property has been sold in foreclosure.[11]  Plaintiff therefore has not stated a claim for wrongful foreclosure.  Furthermore, Texas does not recognize a cause of action for attempted wrongful disclosure.  Anderson v. Baxter, Schwartz & Shapiro, LLP, 14-11-00021-CV, 2012 WL 50622, at *4 (Tex. App.-Houston (14th Dist.) Jan. 10, 2012)  (citing Port City State Bank v. Leyco Constr. Co., 561 S.W.2d 546, 547 (Tex. Civ. App.-Beaumont 1977)).

Because Plaintiff does not allege that the Property was sold, any deficiencies in Defendant's notice are irrelevant.  See Anderson, 2012 WL 50622, at *4 ("[Plaintiff] cannot recover on his claim for wrongful foreclosure as a matter of law because there was no foreclosure sale in this case.  Therefore, it is irrelevant whether appellee indeed followed all notice requirements and provided a proper notice of intent.").

Finally, Plaintiff has not alleged a cause of action for negligent misrepresentation based on Defendant's alleged statement that no foreclosure would occur while the Property was on the market.  "[R]epresentations regarding future loan modifications and foreclosure constitute 'promises of future action rather than representations of existing fact,'" and therefore cannot support a cause of action for negligent misrepresentation under Texas law.

---

[11] See Document No. 1-1; Document No. 5 at 3 ("Plaintiff obtained a Temporary Restraining Order from the 125th Judicial District Court and the November 5, 2013 foreclosure sale did not take place.  No subsequent attempt to foreclose has been made, and Plaintiff is still in possession of the Property.").

Thomas v. EMC Mortgage Corp., 499 F. App'x 337, 342 (5th Cir. 2012)

(quoting De Franceschi v. BAC Home Loans Servicing, L.P., 477 F.

App'x 200, 205 (5th Cir. 2012)).  Plaintiff has therefore failed to

state a cause of action upon which relief can be granted.

## IV.  Order

For the foregoing reasons, it is

ORDERED that Defendant PNC Bank, N.A.'s Motion to Dismiss

(Document No. 5) is GRANTED and Plaintiff's claims are DISMISSED

with prejudice.

The Clerk will enter this Order, providing a correct copy to

all counsel of record.

SIGNED in Houston, Texas, this ___11 7th___ day of January, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE